said Murray and thereafter paid out by the defendant upon checks drawn by him upon said account. These actions are brought by the trustee in bankruptcy of said corporation to recover the value of said checks which it was alleged were converted by the defendant bank to the use of said Edward G. Murray. The defendant's answer was a denial of the allegations in the complaint that the checks were the property of the corporation, and as a separate defense alleged that Murray was sole stockholder and had authority to indorse all commercial paper payable to the company, and, further, that the claims of creditors herein arose subsequent to the acts complained of and that the company was solvent at the time of the commission of such acts.

*John T. Loughran, Frank M. Swacker* and *Ambrose V. McCall* for appellant.

*Howard Chipp* and *Walter N. Gill* for respondent.

Judgment in each action affirmed, with costs; **no** opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN JORDAN, Respondent, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.

*Negligence — ferries — truck driver injured through breaking of gangplank over which he was driving to board ferry.*

*Jordan* v. *Union Ferry Co. of N. Y. & Brooklyn,* 207 App. Div. 855, affirmed.

(Argued April 4, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department entered November 7, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. On October 15, 1920, at about six o'clock in the evening, this plaintiff, who was a truck driver, drove his truck into the entrance of the defend-

ant's ferry slip on the New York side, paid the ferry charges to the defendant's employee stationed there and started down the slip toward the ferryboat. Plaintiff was sitting on the seat of his truck with his feet on the dashboard. The seat was stationary. At that time the ferryboat was about a foot higher than the ferry slip and a gangplank or brow was placed between the ferryboat and the ferry slip. When the front wheels of plaintiff's truck touched this gangplank, it broke, and the wheels went through it and hit the edge of the boat, throwing plaintiff off the seat and in between the horses of his truck inflicting the injuries complained of.

*George P. Hotaling* for appellant.

*Philip A. Brennan, George W. Matheson, Beatrix Kimmelmann* and *W. Rossiter Redmond* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: LEHMAN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CORNELIUS J. FLOOD, Appellant.

*Crimes — manslaughter in second degree — judgment of conviction affirmed.*

*People* v. *Flood*, 206 App. Div. 751, affirmed.

(Argued April 7, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1923, which affirmed a judgment of the Court of General Sessions of the city of New York rendered upon a verdict convicting the defendant of the crime of manslaughter in the second degree.

*Robert S. Johnstone* and *Stanley L. Richter* for appellant.

*Joab H. Banton,* District Attorney (*Robert C. Taylor* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.